**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH HEIM,** | : | |
| | : | |
| Plaintiff | : | |
| | : | **CIVIL NO. 3:CV-10-1369** |
| v. | : | |
| | : | **(Judge Caputo)** |
| **THE YORK COUNTY PRISON,** *et al.*, | : | |
| | : | |
| Defendants | : | |

**M E M O R A N D U M**

**I.      Introduction**

Joseph Heim, a *pro se* prisoner formerly confined at the York County Prison (YCP), in York, Pennsylvania,[1] filed this civil rights action pursuant to 42 U.S.C. § 1983,[2] complaining that YCP officials placed a substantial and unreasonable burden on his ability to freely exercise his religion, Judaism. (Doc. 1, Compl.) He further claims that a corrections officer discriminated against him on the basis of his religion by drawing three antisemitic caricatures of him. (*Id*.) He seeks monetary damages

---

[1]  Mr. Heim's last known address is listed as the Keystone Correctional Services, Inc., in Harrisburg, Pennsylvania. (Doc. 34, Notice of Change of Address.)

[2]  For the convenience of the reader of this document in electronic format, hyperlinks to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content any hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of this Court.

against all defendants in their personal and official capacities. (*Id*.) Named as defendants are the following: YCP; Warden Mary Sabol; Deputy Warden Michael Buono; the York County Solicitor's Office; Solicitor Donald Reihart; the York County Commissioner's Office; "Every Commissioner";[3] Corrections Officer (CO) Shawn Dubs; Captain Frank Kluyber;[4] Chaplain Bupp; and Complaint Supervisor Bea Erni. (*Id*.)

Currently pending before the Court is the Defendants' Motion to Dismiss. In lieu of an opposition brief, Mr. Heim filed a Motion to Dismiss Defendants' Motion to Dismiss. The Court will construe Mr. Heim's motion as a response in opposition to the defendants' motion to dismiss. As the parties have fully briefed the issues, the motion is ripe for disposition.

For the reasons that follow, the Court will grant in part, and deny in part, the Defendants' motion to dismiss and deny Mr. Heim's motion to dismiss the Defendants' motion to dismiss.

---

[3] No entry of appearance has been entered on behalf of this group of unnamed defendants.

[4] Although identified on the docket as Captain Frank Fluyber, the Complaint identifies this defendant as Captain Frank Kluyber. The Court will refer to this defendant at Capt. Kluyber.

## II. Background

The following facts are set forth in Plaintiff's Complaint and are taken as true, as they must be when considering a motion to dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Mr. Heim filed his Complaint on June 28, 2010.[5] In early April 2008, Joseph Heim arrived at the YCP. (Doc. 1, p. 5.)[6] At the time of his inmate intake screening, prison officials "mistakenly" noted in their records system that Mr. Heim had no religious preference. (*Id*.) Mr. Heim immediately, and repeatedly, attempted to corrected this misinformation by verbally advising various staff members, including Chaplain Bupp, that he was an adherent of Judaism, and requested a Kosher diet consistent with his religious beliefs. (*Id*.) In late April or early May, after his verbal requests failed to yield a satisfactory response, Mr. Heim availed himself of the YCP's grievance program. (*Id.*) He requested that his religious status be updated and that he receive a Kosher diet, a Torah, and access to Jewish religious services. (*Id*., pp. 5-6.) Mr. Heim's first few grievances were not answered. (*Id*.) Finally, Mr. Heim's July 8, 2010, grievance yielded a response from YCP's Complaint Coordinator, Bea Erni. (*Id*., p. 6; *see also* Doc. 1-2, pp. 4-5.) On July 10, 2008, Ms. Erni informed Mr. Heim that he needed to submit proof of his religious affiliation to prison officials before the matter could be reviewed by the Warden. (*Id*.) Having been denied meals in

---

[5] Pursuant to the "mailbox rule" announced in *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), Mr. Heim's Complaint is deemed "filed" at the time he delivered it to the prison authorities for forwarding to the Clerk of Court.

[6] Unless otherwise noted, all citations to the record reflect the docket number and page number assigned by the Electronic Case Filing system (ECF) rather than the page number of the original document.

-3-

accordance with the tenets of his faith for three months, Mr. Heim appealed the matter to Deputy Warden Buono. Deputy Warden Buono promptly took steps which gave Mr. Heim the relief he was seeking. Deputy Warden Buono advised him that he was now "list[ed] as Jewish in the prisons' database and ... having a Kosher meal." (Doc. 1, p. 7; *see also* Doc. 1-2, pp. 6-7.) Mr. Heim started receiving Kosher meals on or about July 14, 2008. (Doc. 1, p. 5.)

In his Complaint, Mr. Heim also alleges that he was subjected to acts of retaliation and discrimination due to his identification of himself as a Jew and his insistence on a Kosher diet. (*Id.*, p. 8.) The alleged retaliation and discrimination took two forms. First, CO Dubs, allegedly drew three crude caricatures of Mr. Heim which mocked his religion. (*Id.*; *see also* Doc. 1-2, pp. 23-24.) At least one of these anti-semitic cartoons is alleged to have had an overtly threatening tone, and depicted Mr. Heim as a victim of the Holocaust. (Doc. 1, pp. 8-9.) Second, approximately ten days after Mr. Heim reported CO Dub's actions to prison authorities, and almost immediately after CO Dubs gave Mr. Heim the third drawing, he was transferred to the Behavior Assessment Unit (BAU) on "trumpt up" allegations that he threatened staff so that prison officials, "i.e. Captain Kluyber, and/or staff" could steal the religiously charged drawings, his evidence of CO Dub's faith-based intimidation. (*Id.*, p. 9.) When Mr. Heim's property was returned to him, the original and only copy of the third demeaning sketch was missing. (*Id.*)

On the basis of these allegations, Heim sues 11 individual and institutional defendants. These defendants include the individuals alleged to have improperly delayed consideration of his religious diet requests through their failure to respond to

the plaintiff's grievances, i.e. defendant Erni and Chaplain Bupp. The named individual defendants also include CO Dubs, the correctional officer who allegedly drew and distributed the anti-semitic and violent cartoons depicting Mr. Heim, and Capt. Kluyber, who allegedly conducted a pretexual search of Mr. Heims property to confiscate evidence of CO Dubs' inappropriate drawings.  Beyond these individual defendants, who are alleged to have taken actions directly affecting Mr. Heim's First Amendment rights, Mr. Heim names three other individual defendants: Warden Mary Sabol, as to whom there are no well-pleaded facts in the Complaint describing any direct involvement in the matters which are the subject of Mr. Heims' lawsuit; Deputy Warden Buono, whose sole involvement appears to be limited to responding to Mr. Heim's grievance appeal by advising him that his religious status had been modified and he would receive a Kosher diet as requested; and Donald Reihart, the York County Prison solicitor, who responded after-the-fact to a grievance filed by Mr.  Heim which sought hundreds of thousands of dollars in damages as a result of this alleged misconduct. (*Id*., p. 10.)

Mr. Heim also names three institutional defendants, the YCP, the York County Commissioners' Office, and the York County Solicitor's office.  However, the Complaint is devoid of any factual recitals describing any agency policy implemented by these agencies that was designed to infringe upon the plaintiff's First Amendment rights. Instead, fairly construed, the Complaint simply alleges that specific individual prison officials neglected his dietary requests for three months, and then subjected him to acts of antisemitic retaliation after he complained about the earlier failure of prison officials to honor his religious dietary needs.

-5-

## III. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

"Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner v. Switzer*, ___ U.S. ___, ___, 131 S.Ct. 1289, 1296, 179 L.Ed.2d 233 (2011). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), giving the defendant "fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id.* "While legal conclusions can provide

the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). As such, "[t]he touchstone of the pleading standard is plausability." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974, meaning "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements" of plaintiff's claims. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679, 129 S.Ct. at 1950.

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See*

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n. 13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)).

"Pro se complaints are 'liberally construed' and 'held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Jackson v. Div. of Dev. Disabilities*, 394 F. App'x 950, 951 n.3 (3d Cir. 2010)(nonprecedential)(quoted case omitted). Nonetheless, the complaint still "must contain allegations permitting 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoted case omitted). *Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend. *See Phillips*, 515 F.3d at 245-46 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). However, dismissal without leave to amend is justified on grounds of bad faith, undue delay, prejudice, or futility. *Alston,* 363 F.3d at 235-36.

## IV. Discussion

### A. Mr. Heim Fails to State a Claim Against the York County Prison, the York County Commissioner's Office or the York County Solicitor's Office.

To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 580-81 (3d Cir. 2003). Subordinate entities of a county are generally improper defendants in an action brought pursuant to 42 U.S.C. § 1983. *Mincy v. Deparlos*, No. 11-2121, 2012 WL 4237103, n. 5 (3d Cir. Sept. 21, 2012)(county prison is not a "person" within the meaning of § 1983); *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)(NJ Prison Medical Department, a state agency, may not be sued under 42 U.S.C. § 1983 since it is not a "person"); *Briggs v. Moore*, 251 F. App'x 77, 79 (3d Cir. 2007)(police department and prosecutor's office are not "persons" within meaning of § 1983 suit); *Umhey v. Cnty. of Orange, NY,* 957 F. Supp. 525, 532 (S.D.N.Y. 1997)("[T]he Board of Ethics is not an entity separate from the County itself that is capable of being sued."). The YCP, York County Commissioner's Office, and York County Solicitor's Office are not exceptions to this rule. These county entities are not "persons" that can be sued in a § 1983 action. Thus, Mr. Heim's claims against these entities must be dismissed with prejudice.

To the extent that Mr. Heim seeks to impose municipal liability against these entities, he has not set forth a claim that any agency policy led to the infringement on

his First Amendment rights. A municipality may be liable under § 1983 if the governmental body itself "subjects" a person to a deprivation of rights or "causes" a person "to be subjected" to such deprivation. *See Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 692, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Local governments are only responsible for "their own illegal acts." *Pembaur v. Cincinnati*, 475 U.S. 469, 479, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452 (1986) (citing *Monell*, 436 U.S. at 665-683, 106 S.Ct. at 2023-2032). They are not vicariously liable under § 1983 for the actions of their employees. *See id.*, 436 U.S. at 691, 106 S.Ct. at 2036; *Canton v. Harris*, 489 U.S. 378, 392, 109 S.Ct. 1197, 1206, 103 L.Ed.2d 412 (1989); *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403, 117 S.Ct. 1382, 1387-88, 137 L.Ed.2d 626 (1997)(collecting cases).

A plaintiff seeking to impose liability on local governments under § 1983 must prove that "action pursuant to official municipal policy" caused their injury. *Monell*, 436 U.S. at 691, 694, 98 S.Ct. at 2037. "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, ___ U.S. ___, ___, 131 S.Ct. 1350, 1359, 179 L.Ed.2d 417 (2011) (citations omitted.) These are "action[s] for which the municipality is actually responsible." *Pembaur*, 475 U.S. at 479-480, 106 S.Ct. at 1298-99.

Here, the Complaint is devoid of any factual recitals describing any agency policy implemented by these agencies that was designed to infringe upon the plaintiff's First Amendment rights. In the Complaint, Mr. Heim avers that prison official's "mistakenly"

entered erroneous information as to his religious preference upon intake. *See* Doc. 1, p. 5. Moreover, the Complaint is inadequate in that it lacks any specificity concerning the particular behavior, time, place, and persons responsible for any official policy or custom sanctioning the alleged unconstitutional conduct by Complaint Supervisor Erni, Chaplain Bupp, CO Dubs or Capt. Kluyber. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir.2005). Consequently, to the extent Mr. Heim seeks to assert a *Monell* claim against these entities, it will be dismissed.

Therefore, Mr. Heim's claims against these institutional defendants fail as a matter of law.

### B. Mr. Heim's Complaint Fails to Allege the Requisite Personal Involvement of Warden Sabol, Deputy Warden Buono, or Solicitor Reihart.

To establish personal liability against a defendant in a section 1983 action, an individual government defendant must have personal involvement in the alleged wrongs; liability cannot be predicated based on the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948; *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). "It is uncontested that a government official is liable only for his or her own conduct and accordingly must have had some sort of personal involvement in the alleged unconstitutional conduct." *Argueta v. U.S. I.C.E.*, 643 F.3d 60, 71-72 (3d Cir. 2011). Personal involvement can be shown where a defendant personally directs the wrongs, or has actual knowledge of the wrongs and acquiesces in them. *See Rode v.*

-11-

*Dellarciprete*, 845 F.2d 1195, 1207(3d Cir. 1988); *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)(noting that "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"). A defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201-202 (3d Cir. 2000).

The filing of a prison grievance is a constitutionally protected activity. *Robinson v. Taylor*, 204 F. App'x. 155, 156–57 (3d Cir. 2006). Although prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by the failure of prison officials to address these grievances. *Booth v. King*, 346 F.Supp.2d 751, 761 (E.D.Pa. 2004). This is because inmates do not have a constitutionally protected right to a grievance procedure. *Burnside v. Moser*, 138 F. App'x. 414, 416 (3d Cir. 2005) (citations omitted) (failure of prison officials to process administrative grievance did not amount to a constitutional violation). Additionally, it is well-established that "a prison official's secondary review of an inmate's grievance or appeal is not sufficient to demonstrate the personal involvement required to establish the deprivation of a constitutional right." *Simonton v. Tennis*, 437 F. App'x 60, 62 (3d Cir. 2011) (citing *Rode*, 845 F.2d at 1207-08); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006). Generally. an allegation of failure to investigate an event after the fact, without another recognizable constitutional right, is not sufficient to sustain a § 1983 claim. *See Graw v. Fantasky*, 68 F. App'x 378, 373

(3d Cir. 2003); *see also* Mincy v. Chmielsewski, Civ. No. 12-1996, 2013 WL 49765, at *4 (3d Cir. Jan. 4, 2013)(An "officer's review of, or failure to investigate, an inmate's grievances generally does not satisfy the requisite personal involvement."); Pressley v. Beard, 266 F. App'x 216, 218 (3d Cir. 2008)("The District Court properly dismissed these [supervisory] defendants and any additional defendants who were sued based on their failure to take corrective action when grievances or investigations were referred to them.").

At the outset, Mr. Heim's Complaint is fundamentally flawed in that it names supervisory defendants in its caption but fails to makes sufficient allegations against these defendants to justify supervisory or agency liability. Indeed, with respect to many of these defendants, this Complaint is wholly bereft of any factual allegations regarding direct misconduct by either of these defendants.[7] This is a fatal flaw in this pleading since it is clear that a claim of a constitutional deprivation cannot be premised on the fact that the named defendant was government supervisor or official when the incidents set forth in the Complaint occurred.

---

[7] We note that Heim attempts to correct this deficiency by, in part, making a series of factual averments in his brief in opposition to Defendants' motion to dismiss. (Doc. 27.) This effort is unavailing since it is well-settled that a plaintiff cannot amend a complaint through the filing of a brief, or through arguments set forth in a brief opposing a dispositive motion. Indeed, "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." Pennsylvania ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 181 (3d Cir. 1988) (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984)); *cf.* Frederico v. Home Depot, 507 F.3d 188, 202 (3d Cir. 2007) ("[W]e do not consider after-the-fact allegations in determining the sufficiency of [a] complaint under Rules 9(b) and 12(b)(6)."). We will, however, permit Mr. Heim leave to amend his complaint to endeavor to correct the deficiencies which we have identified in his Complaint.

First, Mr. Heim listed Warden Sabol in the caption of the Complaint, without setting forth any factual basis for a claim against her in the body of this pleading. *See Hudson v. McKeesport Police Chief*, 244 F. App'x 519, 522 (3d Cir. 2007)(affirming dismissal of defendant who was only named in caption of case.)

As to Deputy Warden Buono, the only allegation set forth in the Complaint is that he responded to Mr. Heim's grievance in July, 2008, and granted his request, assuring him that his right to the free exercise of his faith would be honored by prison officials. This after-the-fact review of Mr. Heim's grievance, which granted Mr. Heim the relief requested, does not demonstrate his personal involvement in the underlying First Amendment claims. *See Rode,* 845 F.2d at 1208; *Brooks*, 167 F. App'x at 925. The same holds true for Mr. Heim's claims against Solicitor Reihart. The only allegation relating to this defendant is that, as solicitor, he responded to verbal and written demands made by Mr. Heim after-the-fact through the prison grievance system for hundreds of thousands of dollars in damages to compensate him for the alleged prior misconduct of prison staff. Mr. Heim may not sustain a constitutional claim against the agency solicitor simply because that solicitor failed to respond favorably to a grievance demanding money from the agency. Mr. Heim's dissatisfaction with a response to an inmate's grievances also does not support a constitutional claim. *See Mincy*, Civ. No. 12-1996, 2013 WL 49765, at *4; *Paluch v. Sec'y Pennsylvania Dept. Corr.*, 442 F. App'x 690, 695 (3d Cir. 2011).

In sum, Mr. Heim's general allegations against these supervisory defendants presently consist of little more than assertions of *respondeat superior* liability, coupled

-14-

with dissatisfaction with their processing of this inmate's past grievances, assertions which as a matter of law do not suffice to state a constitutional tort claim. Therefore, these defendants are entitled to be dismissed from this case.

> **C. Mr. Heim's Remaining Claims against Complaint Supervisor Erni, Chaplain Bupp, CO Dubs and Capt. Kluyber cannot be Resolved on a Motion to Dismiss.**

In contrast to the supervisory and institutional liability claims which fail as a matter of law, the remaining allegations and claims set forth by Mr. Heim are not subject to dismissal at this time. These remaining allegations fall into two categories. First, liberally construed, Mr. Heim alleges that Chaplain Bupp and Complaint Supervisor Erni violated his First Amendment rights using the prison grievance policy in a fashion which unreasonably delayed a response to his religious diet request for nearly three months. Such an allegation, on its face, states a potential First Amendment claim: "[b]ecause [Mr. Heim] alleges that such obstruction was one of the ways in which defendants prevented him from exercising his religion, [therefore], that alleged obstruction may properly be considered as a component of his First Amendment claim." *Heleva v. Kramer*, 214 F. App'x 244, 247 (3d Cir. 2007). Second, liberally construed, Mr. Heim's Complaint alleges that he was subjected to a campaign of retaliation and harassment for attempting to exercise these First Amendment rights by CO Dubs and Capt. Kluyber. This campaign of harassment and intimidation included the distribution of anti-semitic and occasionally threatening cartoons by CO Dubs, coupled with efforts by Capt. Kluyber to prevent Mr. Heim from complaining

-15-

about this harassment by confiscating some of these images which Mr. Heim sought to use as evidence of this harassment. Once again, on the face of the pleadings, these allegations state a claim upon which relief may be granted. They are, therefore, not subject to a motion to dismiss.

### D. Leave to Amend.

"[I]f a complaint is vulnerable to [Rule] 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). While we find that Mr. Heim's supervisory and institutional liability claims fail, and will dismiss those claims in their current form, Mr. Heim will be given another, final opportunity to further litigate this matter by endeavoring to promptly file an amended complaint.

Mr. Heim will be granted twenty-one days to file an amended complaint. If Mr. Heim decides to file an amended complaint, he is advised that it must contain the same docket number as the instant action and should be labeled "Amended Complaint." In addition, the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F.Supp. 1185, 1198 (M.D. Pa. 1992). In particular, Mr. Heim is advised that any amended complaint he may file supersedes the original complaint and must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1. Mr. Heim should take care that all causes of action alleged in the Complaint, which are not alleged in the amended complaint, are waived. Thus, if he files an amended complaint, he must replead his claims against

Complaint Supervisor Erni, Chaplain Bupp, CO Dubs and Capt. Kluyber.

Mr. Heim is also advised that his amended complaint must be concise and direct. See Fed. R. Civ. P. 8(d). Each allegation must be set forth in an individually numbered paragraphs in short, concise and simple statements. *Id.* The allegations should be specific as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights. *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948. He also shall specify the relief he seeks with regard to each claim. Mr. Heim's failure to file an appropriate amended complaint within the required time will result in the court proceeding strictly on the claims in the original Complaint that were not dismissed in the accompanying Order.

An appropriate Order follows.

                                                **/s/ A. Richard Caputo**
                                                **A. RICHARD CAPUTO**
                                                **United States District Judge**

**Date: April 8, 2013**