# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH HEIM, | : | |
| Plaintiff | : | |
| | : | CIVIL NO. 3:CV-10-1369 |
| v. | : | |
| | : | (Judge Caputo) |
| THE YORK COUNTY PRISON, *et al.*, | : | |
| Defendants | : | |

# O R D E R

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On July 2, 2010, Joseph W. Heim, a former York County Prison (YCP) inmate, initiated this civil rights action pursuant to 42 U.S.C. § 1983 alleging that YCP officials placed a substantial and unreasonable burden on his ability to freely exercise his religion, Judaism. (Doc. 1, Compl.) He further alleged that YCP staff discriminated against him on the basis of his religion by drawing three antisemitic caricatures of him and retaliated against him on the basis of his religion. (*Id*.). On April 8, 2013, the court granted in part, and denied in part, the Defendants' motion to dismiss. *See* Docs. 35 and 36. Mr. Heim was given twenty-one days to file an amended complaint. *See* Doc. 36. He was cautioned that his failure to file an amended complaint would result in the case proceeding strictly on his First Amendment claims against Supervisor Erni, Chaplain Bupp, CO Dubs and Capt. Kluyber. (*Id*.) When Mr. Heim failed to file an amended complaint, the court issued an order directing him to advise the court whether he wished to continue with his present action. *See* Doc. 40. On May 13, 2013, Mr. Heim advised the court of his

new address in New Cumberland, Pennsylvania, and his desire to "still fully pursue [his] action." *See* Docs. 41 and 42. On July 11, 2013, the court's scheduling order (Doc. 45), mailed to Mr. Heim's last known address was returned as undeliverable. (Doc. 46).

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute." The United States Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statue but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 631, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962). "Such a dismissal is deemed to be an adjudication on the merits, barring any further action between the parties." *Iseley v. Bitner*, 216 F. App'x 252, 255 (3d Cir. 2007). Ordinarily when deciding, *sua sponte*, to dismiss an action as a sanction, a District Court is required to consider and balance six factors enumerated in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). However, when a litigant's conduct makes adjudicating the case impossible, an analysis of the *Poulis* factors is unnecessary. *See Iseley*, 216 F. App'x at 255 (citing *Guyer v. Beard*, 907 F.2d 1424, 1429-30 (3d Cir.1990) and *Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir.1994)); *see also Williams v. Kort*, 223 F. App'x 95, 103 (3d Cir. 2007).

In this instance, on July 2, 2010, the court sent Mr. Heim a copy of our Standing Practice Order which advises *pro se* litigants of their obligation to notify the

Court of any change of address. *See* Doc. 5. He was warned that if he failed to notify the Court of his change of address, he will be deemed to have abandoned his action. When Mr. Heim initiated this action, he was housed at the Dauphin County Prison in Harrisburg, Pennsylvania. He was eventually transferred to the Pennsylvania Department of Corrections (DOC) and, in September 2012, was released to a community corrections center in Harrisburg, Pennsylvania. Clearly Mr. Heim was aware of his obligation to notify the court of his change of address as he did so on more than ten (10) occasions.[1] *See* Docs. 10, 11, 13-15, 18, 29-32 and 41.

Even though Mr. Heim has, as recently as May 13, 2013, advised the Court of his change of address and intent to continue with this action, mail sent to him has been returned to the court as undeliverable. In an effort to locate Mr. Heim, the court has surveyed the dockets of his other cases presently pending before the court, the DOC's automated inmate locator program, and the Victim Information & Notification Everyday (VINELink) system,[2] all without success. At this point, as a result of Mr. Heim's failure to notify the Court of his present location, we are unable to communicate with him. As such, it would be a waste of judicial resources to allow this action to continue.

---

[1] We note, however, that Mr. Heim did not advise the court of his release to the Harrisburg community corrections center. This information was obtained from court records in other cases filed by Mr. Heim.

[2] VINELink is an automated program available to the general public to receive custody status updates on offenders.

**AND NOW**, this 22nd day of **July, 2013**, it is ordered that:

1. Pursuant to Fed. R. Civ. P. 41(b), Mr. Heim's Complaint is dismissed with prejudice for failure to prosecute and to comply with a court Order.

2. The Clerk of Court is directed to close this case.

3. Any appeal from this Order would not be taken in good faith.

                                                    /s/ A. Richard Caputo
                                                    **A. RICHARD CAPUTO**
                                                    **United States District Judge**